IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN MAUS,

                Plaintiff,

v.

GARY BOUGHTON, KOOL, ROBERT FISCHER,
SERGEANT MATTI, COMPLAINT EXAMINER RAY,
MATT HEESAKER, LIBRARIAN BROADBENT,
and ANDREA OLMANSON,

                Defendants.

ORDER

22-cv-141-jdp

---

Plaintiff Brian Maus, appearing without counsel, contends that when he was confined at Wisconsin Secure Program Facility, prison officials punished him for using the library's scrap paper to prepare a brief for use in a federal lawsuit. I screened Maus's complaint, concluded that it did not plausibly state any claim for relief, and gave Maus until May 17, 2022, to file an amended complaint. Dkt. 3. After that deadline passed without Maus filing an amended complaint, I dismissed the case. Judgment was entered May 31, 2022. Dkt. 5.

In July 2022, Maus filed a motion for reconsideration of that dismissal, stating that he mailed an amended complaint to the court before the May 17 deadline (which the court did not receive) and that he filed multiple motions for reconsideration that were returned to him by the postal service. He attached envelopes for those filings with return notices showing that he included the wrong zip code for this court on his filings, which might have been the reason for the returned mail. I concluded that mailing errors might be reason enough to reopen the case, but that there was no reason to consider doing so because Maus still hadn't submitted an amended complaint. Dkt. 8. I gave Maus until August 4, 2022, to submit an amended complaint.

Maus did not meet this deadline; the court did not receive an amended complaint. Maus now again seeks to reopen the case. In November 2023 Maus filed a letter asking for an update on the case, stating that he had submitted an amended complaint in August 2022. Maus filed a proposed amended complaint and a motion for reconsideration asking to reopen the case on December 19, 2023. Dkts. 11 and 13.

I will deny Maus's newest motion and this case will remain closed. It is far too late for Maus to attempt to reopen this lawsuit. Under Federal Rule of Civil Procedure 60(b), this court may vacate the judgment if a party missed a deadline because of excusable neglect or for "any other reason that justifies relief." But that rule requires such a motion to be brought "within a reasonable time"—and for excusable neglect, no later than a year after judgment. *See* Rule 60(c)(1); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006).

Maus states that he was unaware that his amended complaint was not sent out of his prison in August 2022. But he didn't follow up with the court until more than a year after his deadline to submit an amended complaint, even after we previously went through a round of mailing difficulties that resulted in the court failing to receive documents that Maus claimed to have filed. It was unreasonable for Maus to have waited so long to confirm with the court that it received his August 2022 amended complaint. So I will deny his latest motion to reopen the case.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 11, is DENIED.

Entered January 10, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge